**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:20-cr-00462 SO |
| | ) | |
| Plaintiff, | ) | JUDGE: OLIVER |
| | ) | |
| | ) | **DEFENDANT'S** |
| v. | ) | **MOTION FOR PRODUCTION** |
| | ) | **OF INFORMATION** |
| ISAIAH TURNER, | ) | **RELEVANT TO THE** |
| | ) | **COMPUTATION OF** |
| Defendant. | ) | **SENTENCING GUIDELINES** |

**DEFENDANT'S MOTION FOR PRODUCTION OF INFORMATION RELVANT TO
THE COMPUTATION OF SENTENCING GUIDELINES**

Now comes the Defendant, by and through undersigned counsel, respectfully requests of the Court, for reasons set forth in the attached memorandum, that it order the government to produce all information known or reasonably discoverable to the government, including documents, materials, and case-specific facts and circumstances, which bears upon an understanding or computation of a United States Sentencing Guideline sentence in this case, including, but not limited to, guideline consideration of base offense levels, specific offense characteristics, relevant conduct, adjustments, and relating to offender characteristics (except criminal history) nor information relating to departures.

Respectfully submitted,

**s/Leif B. Christman**
**LEIF B. CHRISTMAN (0070014)**

55 Public Square, Suite 2100<br>
Cleveland, Ohio 44113<br>
Tel: 216-241-5019<br>
Fax. 216-363-6013<br>
E_mail: Lbchristman@hotmail.com

## **MEMORANDUM IN SUPPORT**

In <u>Brady v. United States</u> 397 U.S. 742,748 (1970). the United States Supreme Court said:

> The importance of assuring that a defendant does not plead guilty except with a full understanding of the charges against him and the possible consequence of his plea was at the heart of our recent decisions in <u>McCarthy v. United States</u> [394 U.S 459 (1969)], and <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969).

<u>Brady,</u> 397 U.S. at 748 n.6.

> In pre-guideline practice, factors relevant to sentencing were often determined In an informal fashion... This situation will no longer exist under sentencing guidelines. The court's resolution of disputed sentencing factors will usually have a measurable effect on the applicable punishment. More formality is therefore unavoidable if the sentencing process is to be accurate and fair.

United States Sentencing Commission, <u>Guideline Manual</u> § 6A .3, p.5:

Such formality is increasing being demanded by the government in the form of written plea agreements calling for defense acknowledgments, admissions and waivers. It has accordingly become necessary for the defense to demand access to the information necessary to insure that the client's entering into any such agreement is done as an informed choice of alternatives--i.e., is done with knowledge, with intelligence and voluntarily. See: <u>Scott v. Wainwnght,</u> 698 F.2d 427 (11th Cir. 1983<u>); King v. Dutton</u>, 17 F.3d 151 (6th Cir. 1994).

The United States Sentencing Guidelines (U.S.S.G.) commentary itself acknowledges "the potential complexity of factors important to the sentencing determination," and notes that "reliable fact-finding is essential to procedural due process and to the accuracy and uniformity of sentencing," and that" a thorough presentence investigation is essential in determining the facts relevant to sentencing," U.S.S.G. §§ 6A1.1 —6A1.3, p. 5.

The guidelines further acknowledge that defense attempts, prior to plea, to obtain all relevant guideline sentence computation information are reasonable and warranted:

> The Commission encourages the prosecuting attorney prior to the entry of a plea of guilty or nolo contendere under Rule 11 of the Federal Rules of Criminal Procedure to disclose to the defendant the facts and circumstances of the offense and offender characteristics then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines.

U.S.S.G. § 6B1.2, comment.

In <u>United States v Home</u>, 987 F.2d 833 (D.C. Cir. 1993), the United States Court of Appeals for the District of Columbia Circuit, went a step further than urging pre-plea disclosure of guideline-relevant Information when it made the following recommendation:

> Because the Guidelines have largely replaced the statutes as the determinants of the maximum penalty facing criminal defendants, we recommend that, wherever feasible, the district court make their presentence reports available to defendants before taking their pleas. By doing so, sentencing judges (and reviewing courts) will have greater confidence that pleas are both willing and fully informed.

<u>Home,</u> supra, at 8391

There may be case-specific circumstances mitigating against the preparation of a pre-plea presentence report, but a question suggested by the <u>Home</u> recommendation set forth above is whether, as a matter of law, it should now be recognized that the defendant has due process and assistance of counsel rights to guideline-relevant information. The evolution of guideline sentencing, the reality that the entering of an informed and intelligent guilty plea is incompatible with ignorance of sentence-determining facts, and the insistence upon inclusion of specific acknowledgments, admissions and waivers in plea agreements, have raised these questions.

In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), Mr. Justice White, joined by Mr. Justice Stevens in a concurring opinion, wrote that:

> The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the <u>Stickland y. Washington</u>. 466 U.S. 888 (1984); assistance of counsel] analysis adopted by the majority, as such an omission cannot be said to fall within 'the wide range of professionally competent assistance' demanded by the Sixth Amendment. <u>Strickland v. Washinton</u>. supra at 690

Lockhart, supra. at 62.

In Lockhart, the relevant law was a sentencing statute pertaining to parole eligibility—i.e., relating to how much time the defendant would have to spend incarcerated.

The "relevant law," within a guideline sentencing context certainly includes the applicable provisions of the Guidelines i.e. those, as in Lockhart, which not only relate to, but which govern, the length of time the defendant will have to spend incarcerated. See: Stinsan v. United States, 508 U.S. 36 (1993). The nature of the professionally competent assistance demanded by the Sixth Amendment in providing representation relative to a guilty plea could reasonably be said to depend upon the circumstances of the individual case. In any case, however:

> Defense counsel has a constitutional duty to 'know or learn about the relevant law and evaluate its application to his or her client [p]articularly when a plea bargain is discussed, and hence sentencing becomes the client's preeminent concern. Correale v. United States1]479 F.2d at 949.

Finch v.Vaughn 67 F.3d 909. 916-17(11th Cir. 1995).

There is no apparent reason for failure to insure the early production of guideline relevant materials, apart from a desire for rapid disposition of criminal cases or concern about intrusion into information which may be exclusively within the prosecution's control. Where those desires and concerns, however, encroach upon the interest in insuring the protection of constitutional guarantees, "efficiency" in the disposition of criminal cases becomes illusory. Such encroachment upon protected rights and litigation interests of the defendant is apt to generate post-conviction litigation, and is allowed only at the expense of the proper functioning of the adversary process, and at the expense of fundamental fairness. The same prosecutor who decides, through charging decisions, what relevant conduct will be eligible for use for sentence enhancement purposes, should not be allowed to withhold that information from a defendant called upon to decide whether to enter a guilty plea. Otherwise the defendant may encounter a sentencing hearing of unanticipated significance (See: United States v. Silverman. 975 F.2d 1502 (6th Cir. 1992)), demonstrating that a guilty plea entered in ignorance of such sentence-

enhancement circumstances cannot reasonably be said to have been an intelligent, knowing and informed choice of alternatives.

Where such information is critical to sentence determination, a failure to order, upon request, that it be provided, renders assistance of counsel a hollow guarantee, and does nothing to discourage adjudication of criminal matters by way of surprise, rather than through an informed and thoughtful adversary process. Choosing between plea and trial is usually the most significant decision that a defendant in a criminal case will be called upon to make, and:

> A defendant's understanding of the maximum penalties he will face if he enters a guilty plea may be a critical importance to the bargaining aspect of a plea agreement— that is, to the defendant's decision to accept the Government's offer rather than assume the risks of a trial.

Home, supra, at 840, (Buckley, J., concurring).

The concurring Justices in Lockhart thought the defendant "clearly" entitled, as a matter of effective assistance, to be provided accurate sentencing information by his attorney. The vast majority of sentences imposed by federal judges are the result of guilty pleas, and it is always true that when a defendant enters a guilty plea, he waives rights so important as to have been explicitly guaranteed in the United States Constitution.

> Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. Brady, 387 U.S. 742, 748 (1970) (emphasis added).

Notwithstanding 18 U.S.C. § 3661, severe restrictions are placed by the guidelines on the type and scope of information that the sentencing court can use as opposed to receive and consider in determining an appropriate sentence; and, in significant measure, the court has been displaced by the charge-determining prosecutor as the sentencing authority. The adversary system should not permit that same prosecuting authority to withhold, from the presumptively innocent defendant that information which is necessary to the making of an informed choice of alternatives — i.e. information without which he cannot determine the range within which a sentence generally must, rather than could, be imposed by the sentencing judge.

  There is no apparent justification for allowing one party to a litigation to maintain exclusive access to such materials, at the expense of the other party's ability to make rational, informed and counsel-assisted decisions. Where the defendant's right to the benefit of unfettered judicial discretion at the sentencing hearing is abolished by guideline sentencing, and no correlative right to pre-plea production of guideline-relevant information is created, the process is no longer adversarial, and is no longer fair.

  Defense attorneys in criminal cases are advised by a unanimous Supreme Court that their principal responsibility is to serve the undivided interests of their clients. They are also cautioned by a unanimous Supreme Court that the lawyer's knowledge of all of the facts is essential to proper representation. They are further advised by two Justices concurring in a unanimous Supreme Court decision that the failure of an attorney to inform his client of the relevant law is "clearly" ineffective performance under a <u>Strickland</u> analysis. Finally, they are advised by a unanimous Supreme Court that the relevant law, as to sentencing in federal criminal cases, is that contained in the Guidelines.

  Guideline law is fact driven. Where the facts are exclusively known to the prosecutor, the judge is constrained by a guideline sentencing system, the Court should order disclosure well in advance of plea. Absent knowledge of guideline-relevant facts, counsel cannot inform the client of the relevant law, and cannot provide effective assistance relative to the making of an informed choice between plea and trial. Every defendant is entitled to such assistance, as a matter of constitutional right.

For the reasons set forth above Defendant requests that this motion be granted.

            Respectfully submitted,

            <u>s/Leif B. Christman</u>
            **LEIF B. CHRISTMAN (0070014)**
            55 Public Square, Suite 2100
            Cleveland, Ohio 44113
            Tel: 216-241-5019
            Fax. 216-363-6013
            E_mail: Lbchristman@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2021, a copy of the above DEFENDANT'S MOTION FOR PRODUCTION OF INFORMATION was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Respectfully submitted,

        s/Leif B. Christman
        Leif B. Christman

        Attorney for Defendant